**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6401**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MOORTHY SRINIVASAN RAM,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:09-cr-00020-HEH-RCY-1)

_____

Submitted:  February 20, 2025                    Decided:  May 13, 2025

_____

Before AGEE, HARRIS, and RUSHING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Moorthy Srinivasan Ram, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2009, Moorthy Srinivasan Ram pleaded guilty to bank fraud, in violation of 18 U.S.C. § 1344.  The court sentenced Ram to 87 months of imprisonment and, pursuant to the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, the court ordered Ram to pay $87,742.15 in restitution.  After Ram failed to make his restitution payments, the Treasury Department began garnishing Ram's monthly Social Security payments to go toward his remaining restitution balance.

In 2023, Ram filed his third motion to eliminate or reduce his restitution payments. Ram alleged—as he did in his first and second motions—that his disability prevented him from working and his personal costs, particularly medical expenses, exceeded the amount he received from Social Security payments.  He argued he would be unable to pay his necessary expenses if his Social Security payments continued to be garnished, and he asked that the court either eliminate his restitution liability entirely or reduce his monthly payments to $100.  The district court denied Ram's motion, finding that the court did not have the authority to change Ram's restitution under the MVRA.  Ram appealed.

We review a district court's decision whether to modify a defendant's restitution order for abuse of discretion.  *See United States v. Grant*, 715 F.3d 552, 557 (4th Cir. 2013). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law."  *Id.* at 557.

Here, the district court found that it did not have authority to grant Ram's request. The MVRA mandates restitution in the full amount of the victim's loss caused by bank

2

fraud, irrespective of a defendant's financial ability to pay. 18 U.S.C. § 3663A; *United States v. Ritchie*, 858 F.3d 201, 207 (4th Cir. 2017). But the MVRA does authorize the court to modify a defendant's restitution payment schedule if the court finds that there has been a "material change in the defendant's economic circumstances" that affects his ability to pay restitution according to his existing payment schedule. 18 U.S.C. § 3664(k); *see Grant*, 715 F.3d at 559. Therefore, the district court's finding that it could not modify Ram's payment schedule relied on an erroneous legal premise.

Accordingly, we vacate the district court's order and remand the case to allow the court to review Ram's motion consistent with 18 U.S.C. § 3664(k).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] By this decision, we express no opinion on the ultimate outcome of Ram's motion to eliminate or reduce restitution.